**SO ORDERED.**

**SIGNED this 26 day of September, 2025.**

**Austin E. Carter**
**Chief United States Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | : | **Chapter 11** |
| **VANKIRK ELECTRIC, INC.,** | : | **Case No. 25-30511-AEC**<br>**(Joint-Administration Requested)** |
| **Debtor.** | : | |
| **IN RE:** | : | **Chapter 11** |
| **MON ARC GROUP, INC.,** | : | **Case No. 25-30512-AEC** |
| **Debtor.** | : | |

**ORDER GRANTING MOTION FOR ORDER (I) AUTHORIZING CONTINUED USE OF EXISTING BANK ACCOUNTS, (II) AUTHORIZING CONTINUED USE OF EXISTING BUSINESS FORMS, AND (III) GRANTING AN INTERIM WAIVER OF INVESTMENT AND DEPOSIT REQUIREMENTS**

Vankirk Electric, Inc. ("**Vankirk**") and Mon Arc Group, Inc. ("**Mon Arc**" and together with Vankirk, the "**Debtors**"), having filed a motion for an order authorizing (i) the continued maintenance and use of Debtors' existing bank accounts, (ii) the continued use of existing business

forms and checks; and (iii) a waiver of investment and deposit requirements (Dkt. 7 in Case No. 25-30511-AEC and Dkt. 9 in Case No. 25-30512-AEC) (the "**Motion**").

The Court has jurisdiction to consider the Motion and the relief requested in the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Motion and the relief requested in the Motion constitute a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A).

Debtors sought an expedited hearing on the Motion through Debtors' Motion for Expedited Hearing on Debtors' First Day Motions (Dkt. 12 in Case No. 25-30511-AEC and Dkt. 13 in Case No. 25-30512-AEC). In light of the relief requested, this Court granted the request for an expedited hearing in its Order and Notice Granting Debtors' Motion for Expedited Hearing on First Day Motions (Dkt. 13 in Case No. 25-30511-AEC and Dkt. 14 in Case No. 25-30512-AEC).

The Court has considered the Motion and the statements and arguments made at the hearing on the Motion. This Court has determined that the relief requested in the Motion is in the best interests of Debtors, their estates, creditors, and other parties in interest. Debtors gave due and proper notice of the Motion, and the Court has determined that no additional or further notice of the Motion is necessary. The Court has determined that the legal and factual basis set forth in the Motion establish just cause for the relief granted in this Order. In addition, this Court finds good cause in the form of avoiding immediate and irreparable harm to Debtors and their ability to operate, to waive the limitations of Bankruptcy Rule 6003, such that immediate relief may be granted with respect to the Motion. After the deliberation and sufficient cause appearing therefor,

**IT IS ORDERED THAT:**

1. The Motion is **GRANTED**.

2. Notwithstanding anything to the contrary in this Order, the relief herein is granted solely to the extent that it is consistent with any order authorizing the continued use of "cash collateral."

3. Debtors are authorized to maintain their Accounts as referenced and described in the Motion and continue to use the same in their ordinary course of business.

4. Debtors are authorized to continue to use their business forms and checks without reference to Debtors' debtor-in-possession status.

5. Debtors are granted a waiver of the investment and deposit requirements under Section 345 of the Bankruptcy Code.

6. Nothing in this Order shall be deemed to provide the authority for any outstanding checks that have not been presented as of the Petition Date to be honored. Any checks that are dated prior to the Petition Date which are presented after the Petition Date shall be dishonored, except to the extent another order of this Court authorizes the payment of such pre-petition claim.

7. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004(a) and 6004(h) or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and the requirements of Bankruptcy Rules 6004(a) and 6004(h) are hereby waived.

9. Any party-in-interest in these Chapter 11 cases shall have 45 days from the entry date of this Order to file a written objection to the Motion or to this Order. Any such objection must be served on (a) Debtors' counsel Stone & Baxter, LLP, 577 Third Street, Macon, Georgia 31201, Attention: David L. Bury, Jr., and (b) the Office of the United States Trustee, 440 Martin Luther King Jr. Boulevard, Suite 302, Macon, Georgia 31201-7910. If any objection is timely filed

and served, then the Court will convene a hearing to consider such objection, but this Order shall maintain in full force and effect and binding in all respects unless and until there is any further ruling from this Court. If no objection is timely filed and served, then this Order will be deemed a final order without need for any further action of this Court.

10. This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the implementation of this Order.

11. Debtors are directed, within three (3) business days of the entry of this Order, to serve a copy of this Order upon all parties which were served with the Motion, along with any parties that have filed notice of appearance in these cases.

**END OF DOCUMENT**

**Order Prepared and Submitted By:**

*/s/ David L. Bury, Jr.*
David L. Bury, Jr.
Georgia Bar No. 133066
Stone & Baxter, LLP
577 Third Street
Macon, Georgia 31201
478.750.9898
478.750.9899 (fax)
dbury@stoneandbaxter.com
Proposed Counsel for Debtors