**SO ORDERED.**

**SIGNED this 26 day of September, 2025.**

**Austin E. Carter**
**Chief United States Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| **IN RE:** | |
| **VANKIRK ELECTRIC, INC. and MON ARC GROUP, INC.,** | **Chapter 11 Case No. 25-30511-AEC**<br>**Chapter 11 Case No. 25-30512-AEC** |
| **Debtors.** | **Joint Administration Requested** |
| **VANKIRK ELECTRIC, INC. and MON ARC GROUP, INC.,** | |
| **Movants,** | **Contested Matter** |
| **vs.** | |
| **FIFTH THIRD BANK, N.A., *et al.*,** | |
| **Respondents.** | |

**INTERIM ORDER PURSUANT TO SECTIONS 361 AND 363 OF THE BANKRUPTCY CODE AND F.R.B.P. 4001 (I) AUTHORIZING USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, AND (III) SCHEDULING A FINAL HEARING FOR OCTOBER 27, 2025**

Upon the motions of Debtors Vankirk Electric, Inc. ("**Vankirk**") and Mon Arc Group, Inc. ("**Mon Arc**" and together with Vankirk, "**Debtors**") each dated September 23, 2025 (Dkt. 6 in

Case No. 25-30511-AEC and Dkt. 8 in Case No. 25-30512-AEC) (collectively, the "**Motion**") (i) seeking authority for Debtors' use of "cash collateral" (as defined in section 363(a) of the Bankruptcy Code); (ii) seeking to provide adequate protection to Respondents[1]; and (iii) requesting interim relief pending a final hearing on the Motion (the "**Final Hearing**); it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334, that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b), and that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Motion having come on for an expedited, preliminary hearing on September 25, 2025 at 3:00 p.m. (Eastern) (the "**Expedited Hearing**"); the Court having heard from Debtors' proposed counsel and other participants at the Expedited Hearing; Respondent Fifth Third Bank, N.A. ("**Fifth Third**") consenting to Debtors' interim use of cash collateral subject to the limitations provided in this Interim Order; there being no objections to the relief granted in this Interim Order not otherwise resolved on an interim basis by the provisions of this Interim Order; and the Court having determined that such relief, including, without limitation, authorization for Debtors' use of cash collateral on an interim basis in compliance with the budget attached to this Interim Order as **Exhibit 1** (the "**Budget**"), has been consented to by Fifth Third as evidenced by the signature of their undersigned counsel. Accordingly, it is ORDERED AS FOLLOWS:

---

[1] In addition to Fifth Third Bank, N.A., Respondents across both Debtors include the following: Affinity Capital Group, LLC; Alpha Equity Fund, LLC; Austin Business Finance, LLC d/b/a Backd; Cedar Advance, LLC; CFG Merchant Solutions, LLC; Dynasty Capital 26, LLC; Forever Funding, LLC; Fox Funding Group, LLC; Funderzgroup, LLC d/b/a Mr. Advance; Gelt Capital USA, LLC; Kash Advance, LLC; Merk Funding, Inc.; MNY Capital; Palmetto Capital Ventures, LLC; Propel Advance; Rocket Capital NY, LLC; Reliance Financial FL, LLC; Rocket Capital NY, LLC; Secure Capital, LLC; C T Corporation System, as Representative (GA UCC Nos. 007-2025-011312, 007-2025-040170, 007-2025-012934, 007-2025-013277, 007-2025-038289; CA UCC Nos. U230053566923, U250187878036); and Corporation Service Company, as Representative (GA UCC Nos. 038-2025-006880, 038-2025-006444, 007-2025-005559, 038-2025-005190); CA UCC No. U250116232323).

1. Interim Relief Granted. The Motion is granted on an interim basis pending the Final Hearing, and the use of Cash Collateral in compliance with the Budget is hereby authorized until further order of this Court, subject to the terms and conditions set forth in this Interim Order; provided, however, that the Budget is only approved through the Initial Term (as defined herein). Nothing in this Interim Order prevents Fifth Third from consenting to the use of Cash Collateral for the payment of ordinary course post-petition expenses of the estates outside the scope of the Budget categories, subject to Fifth Third's express prior written consent to expenditures in the ordinary course of Debtors' business operations that are outside the scope of such Budget categories.

2. Authorization to Use Cash Collateral. Debtors are authorized to use Cash Collateral in compliance with the Budget. No variance from the Budget shall be permitted unless Debtors, in advance of any such variance, (a) obtain written approval from Fifth Third or (b) secure authorization by Order of this Court, with the following limited exceptions for which advance approval or Court-authorization is not required (the "**Permitted Variances**"):

i. actual expenditures of Debtors under any category (as opposed to any line item) of the Budget for any calendar week may exceed the budgeted expenditure amount for that category by up to ten percent (10%);

ii. any budgeted expenditure not expended by Debtors during the period in which it is budgeted may be expended by Debtors in a period that is subsequent to the calendar week in which it was budgeted (as long as such subsequent calendar week is covered by this Interim Order or a subsequent order), in which case the Budget will be deemed revised to schedule such expenditure during the calendar week in which it is expended; provided, however, that the reports and reconciliations to be provided by Debtors as addressed below shall reflect all such

expenditure date modifications (both during the period(s) in which such expenditure was budgeted and not paid and during the period in which such previously budgeted expenditure was paid);

iii. all Permitted Variances, including with respect to differences in budgeted amount(s) versus actual amount(s) and calendar week budgeted amount(s) versus calendar week actual amount(s), shall be conspicuously set out, reflected, and addressed within and as a part of the Weekly Reports (defined below) required by the terms of this Interim Order, as further addressed below.

3. Adequate Protection. During the Initial Term, Debtors shall provide the following forms of adequate protection to Fifth Third ("**Adequate Protection**") pending the Final Hearing:

a. Continuation of Pre-Petition Security Agreements. All pre-petition liens and/or security interests of Fifth Third shall, subject to any limitations in the Bankruptcy Code, continue through and including the Final Hearing.

b. Continued Operation and Maintenance of Debtors' Business. Debtors shall continue to operate and maintain their business and property in accordance with this Interim Order.

c. Payment of Property Insurance. Debtors shall maintain property insurance on the property collateralizing Fifth Third's alleged secured claims against Debtors, with Fifth Third named as a loss payee on all insurance covering Fifth Third's Collateral (as defined below in this Interim Order).

d. Weekly Reporting. Starting on October 8, 2025 at or before 9:00 p.m. eastern time, and at or before 9:00 p.m. eastern time each Wednesday thereafter until further order of this Court, Debtors shall provide Fifth Third, via email to their counsel, a weekly budget reconciliation (showing an actual versus budgeted comparison), prepared on a cash basis, for the previous seven (7) day period covering the prior Saturday through prior Friday, accompanied by (i) a cash

disbursements journal reflecting all cash revenues and cash expenditures to permit reconciliation of all cash collateral and proceeds and all expenditures concerning the same with and against the terms of this Interim Order and the Budget and (ii) a payroll register for the reporting period which identifies the employees and the amounts that each employee received from the payroll(s) in that period (collectively, the "**Weekly Reports**").[2] Additionally, Debtors shall provide Fifth Third (i) with each weekly report information about daily deposits and withdrawals for all bank accounts of Debtors (with Fifth Third or otherwise) and (ii) copies of bank statements for all bank accounts of Debtors (with Fifth Third or otherwise) as such statements become available prior to a weekly reporting deadline; provided, however, that Debtors have committed to Fifth Third that Debtors will resume using the Fifth Third bank accounts upon such bank accounts becoming available and usable again.

e. <u>Replacement Liens</u>. Fifth Third is hereby granted, from and after the Petition Date, but only through the Initial Term, replacement liens and/or security interests ("**Replacement Liens**") in any and all assets acquired by Debtors after the Petition Date and during the Initial Term of the same priority, kind, category, and character that Fifth Third held a perfected lien and/or security interest against Debtors' assets as of the Petition Date, specifically including all cash proceeds arising from such property that existed as of the Petition Date or acquired by Debtors after the Petition Date and during the Initial Term, in the same nature, extent, priority, and validity that such liens and/or security interests, if any, existed on the Petition Date (collectively, the "**Collateral**"). Other than as set forth herein, the Replacement Liens shall not be made subject to or *pari passu* with any lien or with any lien or security interest previously or hereinafter granted in this case or in any case under Chapter 7 of the Bankruptcy Code upon conversion of this case,

---

[2] The first Weekly Report due on Wednesday October 8, 2025 shall cover the time period from the date of entry of this Order through Friday, October 3, 2025.

or in any other proceedings superseding or related to any of the foregoing (collectively, a "**Successor Case**"). The Replacement Liens shall be valid, binding, and enforceable against any trustee or other estate representative appointed in this case or a Successor Case or upon the dismissal of this case or a Successor Case. The Replacement Liens are in addition to and not in substitution for Fifth Third's existing security interests and liens. Fifth Third shall not be required to make any filings to perfect the Replacement Liens (although they may elect to), and the Replacement Liens shall automatically be deemed to be perfected.

f. Senior Super-Priority Administrative Expense Claim. Fifth Third shall have allowed senior super-priority administrative expense claims with priority over any and all other administrative expenses, adequate protection claims, and all other claims against Debtors now existing or hereafter arising of any kind whatsoever as provided under Section 507(b) of the Bankruptcy Code (including, without limitation, all administrative expenses of the kind specified in Sections 503(b) and 507(b) of the Bankruptcy Code and over any and all administrative expenses or other claims arising under the Bankruptcy Code) but only up to and including the full amount of any diminution of value of Fifth Third's respective Collateral as a result of the authorizations to Debtors permitted by the terms of this Interim Order and any other use of Fifth Third's Collateral during the Initial Term (which diminution in value, if any, Fifth Third will have the burden of establishing with the Court after notice and opportunity for a hearing), which super-priority claims shall be payable from all property of Debtors' estates and the proceeds thereof.

i. Notwithstanding the foregoing, the senior super-priority administrative expense claims granted to Fifth Third during the Initial Term pursuant to this paragraph 3(f), (a) shall not extend to any recoveries from the proceeds of Chapter 5 avoidance actions (including, without limitation, 11 U.S.C. §§ 542, 544, 545, 547, 548, 550, and 553 but not

including proceeds derived from Section 549 avoidance actions where the recovered assets comprised all or part of the Collateral of Fifth Third) and (b) shall extend to and include any proceeds of any Chapter 5 avoidance actions comprised (in whole or in part) of Fifth Third's Collateral and/or rights, claims, or interests subject to pre- or post-petition lien(s) or security interest(s) held by Fifth Third. (These senior super-priority administrative expense claims, together with the Replacement Liens, are sometimes referred to collectively in this Interim Order as the "**Adequate Protection Collateral**". The Adequate Protection Collateral and the other collateral of Fifth Third are sometimes referred to collectively in this Interim Order as the "**Collateral**".)

ii. The Adequate Protection Collateral and associated rights, claims, liens, and interests granted to Fifth Third during the Initial Term by the terms of this Interim Order shall not be (i) subject or subordinate to any lien or security interest that is avoided and preserved for the benefit of Debtors and their estates under Section 551 of the Bankruptcy Code or (ii) to the extent that any other post-petition financing is approved by the Court or as otherwise provided in this Interim Order, subordinated to any other lien or security interest under Sections 363 or 364 of the Bankruptcy Code or otherwise.

iii. Except as otherwise provided in this Interim Order or in any post-petition financing approved by the Court, the Adequate Protection Collateral shall be senior to all other security interests in, liens on, and claims against any of the Adequate Protection Collateral. The Adequate Protection Collateral shall be enforceable against Debtors, their estates, and any successors thereto, including, without limitation, any trustee or other estate representative appointed in this case or a Successor Case. The Adequate Protection Collateral shall be: (a) in continuation of and in addition to all valid and enforceable liens

and security interests now existing in favor of Fifth Third and not in substitution therefor and (b) effective as of the Petition Date, deemed duly perfected without the necessity of filing in any country, state, county, or local recorder's office or elsewhere, any additional documents or notices to perfect such post-petition liens and security interests.

Nothing in this Interim Order shall limit Fifth Third's right to seek adequate protection beyond the adequate protection provided in this Interim Order, and nothing in this Interim Order or otherwise shall be deemed or construed to limit, impair, or otherwise prejudice Fifth Third's right to seek or obtain such adequate protection or any other relief.

g. The use of Cash Collateral pursuant to the terms and conditions of this Interim Order and in accordance with the Budget shall not be deemed to be a consent by Fifth Third to any use of Cash Collateral beyond the Initial Term or to Debtors paying any expense in violation of this Interim Order or outside the Budget other than the Permitted Variances.

4. Section 506(c) Claims. No costs or expenses of administration that have been or may be incurred in the cases at any time shall be charged against Fifth Third pursuant to Sections 105 or 506(c) of the Bankruptcy Code, or otherwise, without the prior written consent of Fifth Third, and no such consent shall be implied from any action, inaction, or acquiescence by any party; provided, however, that the waiver provided for herein shall be subject to the Debtors' ability to use all cash on hand in satisfaction of any expenses or other amounts (solely to the extent set forth in the Budget) actually incurred.

5. Additional Funding. Nothing in this Interim Order obligates or shall be interpreted as obligating Fifth Third to lend additional funds to Debtors.

6. Term of Interim Order.

a. Debtors' authority to use cash collateral as provided by the terms of this Interim Order shall immediately and automatically terminate upon the earliest occurrence of any of the following (each a "**Termination Event**") (and the time period from the Petition Date to the Termination Event being referred to in this Interim Order as the "**Initial Term**"): (i) October 28, 2025 at 11:59 p.m.; (ii) the dismissal of these Chapter 11 cases or conversion of these Chapter 11 cases to Chapter 7 cases; (iii) unless the order provides otherwise, the entry of an order granting Fifth Third relief from the automatic stay provisions of Section 362 of the Bankruptcy Code in these Chapter 11 cases; and (iv) the occurrence or existence of a default (including any failure to timely and fully comply with any term or provision) under any of the terms and conditions of this Interim Order which remains uncured after three (3) calendar days' written notice to Debtors via correspondence to Debtors' undersigned proposed counsel.

b. Upon the occurrence of a Termination Event, Debtors' authority to use cash collateral shall cease immediately without further order and may be continued only by further order of the Court or by written stipulation signed by counsel for Fifth Third and for Debtors and filed with the Court.

7. Modification of Automatic Stay. The automatic stay of Section 362(a) of the Bankruptcy Code is hereby modified as necessary to effectuate all of the terms and provisions of this Interim Order, including, without limitation, to: (i) permit Fifth Third to document or perfect any rights granted to them under this Interim Order; (ii) permit Debtors to grant the Replacement Liens and the Adequate Protection Collateral during the Initial Term and to incur the super-priority claims provided to Fifth Third during the Initial Term; (iii) permit Debtors to perform such acts as may be needed to assure the perfection and priority of the liens granted herein; and (iv) permit

Debtors to incur all liabilities and obligations expressly authorized under the terms of this Interim Order.

8. Objections Carried to Final Hearing; Reservations as to Liens and Claim Amounts. All objections to the Motion, if any, are carried to the Final Hearing for determination. Nothing in this Interim Order shall preclude any creditor or party in interest from filing an objection to the Motion prior to the Final Hearing, including, without limitation, the other Respondents. Nothing in this Interim Order shall be construed as any modification, amendment, or waiver of the validity, enforceability, or priority of any loan or other documents evidencing Respondents' claims against Debtors. Except as explicitly provided in this Interim Order during the Initial Term, nothing in this Interim Order shall be construed as a determination of the allowed amount of Respondents' respective claims against Debtors, a determination of the nature, extent, validity, or priority of any liens alleged by Respondents, or a determination of what is or what is not property of Debtors' bankruptcy estates, and all rights to object to the amount of Respondents' claims against Debtors, to the nature, extent, validity, and priority of Respondents' alleged liens (if any), and to what is or is not property of Debtors' bankruptcy estates are hereby reserved and may be asserted by Respondents any other party-in-interest.

9. Final Hearing. A Final Hearing on the Motion **shall be held on October 27, 2025 commencing at 10:00 a.m. (Eastern)** at U.S. Bankruptcy Court for the Middle District of Georgia, Courtroom B, 433 Cherry Street, Macon, Georgia 31201 or as soon thereafter as the parties can be heard; provided, however, that interested parties and/or their counsel may dial-in and listen to the hearing and, only to the extent permitted by applicable rules and this Court, otherwise participate in the hearing using the following dial-in information:

**TELEPHONE NUMBER: 1-855-244-8681**
**ACCESS CODE: 2307 522 7612**

Such Final Hearing shall continue day to day and from time to time until completed without any further notice to creditors or parties in interest unless additional notice is directed by the Court.

10. Service by Debtors. Within three (3) calendar days after the entry of this Interim Order, proposed counsel for Debtors shall serve a copy of this Interim Order on all parties specified by F.R.B.P. 4001(b)(1)(C) and any party requesting notice in this case; provided, however, that such service shall comply with any order limiting notice in this case. Required minimum notice under the Bankruptcy Code and Bankruptcy Rules is hereby reduced for cause pursuant to Bankruptcy Rule 9006(c) to accommodate the notice directed in this Interim Order.

**END OF DOCUMENT**

**Order prepared and submitted by:**

*/s/ David L. Bury, Jr.*
David L. Bury, Jr.
Georgia Bar No. 133066
Stone & Baxter, LLP
577 Third Street
Macon, Georgia 31201
(478) 750-9898; (478) 750-9899 (fax)
dbury@stoneandbaxter.com
Proposed Counsel for Debtors

**Order consented to by:**

*/s/ John A. Thomson, Jr. (by DLB with express permission)*
John A. Thomson, Jr.
Georgia Bar No. 706760
3424 Peachtree Road, Suite 1600
Atlanta, Georgia 30326
(470) 427-3706
john.thomson@arlaw.com
Counsel for Fifth Third

G:\CLIENTS\Vankirk Electric, Inc\Cash Collateral\Interim Order on Cash Collateral (final redline for upload 09.25.25pm).docx

**EXHIBIT 1**

**Interim Cash Collateral Budget**

Vankirk Electric, Inc. Chapter 11 Case #25-30511
Mon Arc Group, Inc. Chapter 11 Case #25-30512
13-week budget - Cash Collateral (000)'s
Consolidated

| **Period Start** | **22-Sep-25** | **29-Sep-25** | **6-Oct-25** | **13-Oct-25** | **20-Oct-25** | **27-Oct-25** | **3-Nov-25** | **10-Nov-25** | **17-Nov-25** | **24-Nov-25** | **1-Dec-25** | **8-Dec-25** | **15-Dec-25** | **22-Dec-25** | **Total** | **29-Dec-25** | **1-Feb-26** | **1-Mar-26** |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Period End** | **26-Sep-25** | **3-Oct-25** | **10-Oct-25** | **17-Oct-25** | **24-Oct-25** | **31-Oct-25** | **7-Nov-25** | **14-Nov-25** | **21-Nov-25** | **28-Nov-25** | **5-Dec-25** | **12-Dec-25** | **19-Dec-25** | **26-Dec-25** | **13-Week** | **31-Jan-26** | **28-Feb-26** | **31-Mar-25** |
| Week | 0 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | | | | |
| **Cash Receipts** | | | | | | | | | | | | | | | | | | |
| Accounts Receivable | 1,528 | 1,525 | 1,354 | 2,448 | 1,449 | 2,717 | 1,894 | 2,448 | 1,800 | 1,800 | 1,800 | 1,800 | 1,800 | 1,800 | 26,163 | 8,000 | 8,000 | 8,000 |
| Misc | | | | | | | | | | | | | | | | | | |
| **Total Cash Receipts** | **1,528** | **1,525** | **1,354** | **2,448** | **1,449** | **2,717** | **1,894** | **2,448** | **1,800** | **1,800** | **1,800** | **1,800** | **1,800** | **1,800** | **26,163** | **8,000** | **8,000** | **8,000** |
| **Cash Payments** | | | | | | | | | | | | | | | | | | |
| Jobsite Workforce | (750) | 0 | (750) | 0 | (750) | 0 | (750) | 0 | (750) | 0 | (750) | 0 | (750) | 0 | (5,250) | (2,100) | (1,500) | (1,500) |
| Employee Payroll, Taxes, Insurances | 0 | (400) | 0 | (400) | 0 | (400) | 0 | (400) | 0 | (400) | 0 | (400) | 0 | (400) | (2,800) | (1,000) | (1,000) | (1,000) |
| Mon Arc Firm Payroll | | | (175) | | | | (175) | | | | | (175) | | | (525) | (175) | (175) | (175) |
| Cigna (Medical) - Auto pay 20th | | | | | (65) | | | | (65) | | | | | (65) | (195) | (65) | (65) | (65) |
| Cigna (Dental) - Auto Pay 12th | | | | (6) | | | | (6) | | | | (6) | | | (18) | (6) | (6) | (6) |
| Lincoln Financial | | | | (9) | | | | (9) | | | | (9) | | | (27) | (9) | (9) | (9) |
| Expense Reimbursements | 0 | 0 | (50) | 0 | 0 | 0 | (50) | 0 | 0 | 0 | (50) | 0 | 0 | 0 | (150) | (50) | (50) | (50) |
| **Payroll Category** | **(750)** | **(400)** | **(975)** | **(415)** | **(815)** | **(400)** | **(975)** | **(415)** | **(815)** | **(400)** | **(800)** | **(590)** | **(750)** | **(465)** | **(8,965)** | **(3,405)** | **(2,805)** | **(2,805)** |
| Corporate Income Tax | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Casualty Policies | (177) | (12) | 0 | 0 | 0 | 0 | (12) | 0 | 0 | 0 | (193) | 0 | 0 | 0 | (394) | 0 | 0 | (600) |
| Office Leases | 0 | (60) | 0 | 0 | 0 | 0 | (60) | 0 | 0 | 0 | (60) | 0 | 0 | 0 | (180) | (60) | (60) | (60) |
| Utilities/Maintenance | 0 | 0 | 0 | 0 | 0 | (19) | 0 | 0 | 0 | (19) | (19) | 0 | 0 | (19) | (76) | (19) | (19) | (19) |
| Attorneys, CPA's (Non-Restr) | (80) | 0 | 0 | 0 | (80) | 0 | 0 | 0 | 0 | (89) | 0 | 0 | 0 | (80) | (329) | (80) | (80) | (80) |
| Subscriptions | (12) | (53) | 0 | (9) | (12) | (8) | 0 | (2) | (12) | (12) | 0 | 0 | 0 | (20) | (138) | (297) | (12) | (12) |
| Storage | (25) | 0 | 0 | 0 | (25) | 0 | 0 | 0 | 0 | (25) | 0 | 0 | 0 | (25) | (100) | (25) | (25) | (25) |
| Travel | (10) | (10) | (10) | (10) | (16) | (16) | (16) | (16) | (16) | (16) | (16) | (16) | (16) | (16) | (200) | (65) | (65) | (65) |
| Licensing | 0 | (14) | 0 | 0 | (5) | 0 | (14) | 0 | 0 | (5) | (14) | 0 | 0 | (5) | (57) | (19) | (19) | (19) |
| Advertising | 0 | (2) | 0 | 0 | 0 | 0 | (2) | 0 | 0 | 0 | (2) | 0 | 0 | 0 | (6) | (2) | (2) | (2) |
| Recruiting | 0 | (4) | 0 | 0 | (2) | 0 | (4) | 0 | 0 | (2) | (4) | 0 | 0 | (2) | (18) | (6) | (6) | (6) |
| Fedex and Postage | 0 | (4) | 0 | 0 | (2) | 0 | (4) | 0 | 0 | (2) | (4) | 0 | 0 | (2) | (18) | (6) | (6) | (6) |
| Bank Fees, Dues | 0 | (5) | (2) | 0 | 0 | 0 | (7) | 0 | 0 | 0 | (7) | 0 | 0 | 0 | (21) | (7) | (7) | (7) |
| Phones | 0 | (25) | 0 | 0 | (10) | 0 | (25) | 0 | 0 | (10) | (25) | 0 | 0 | (10) | (105) | (35) | (35) | (35) |
| Office/IT Supplies | (50) | (12) | 0 | 0 | (6) | 0 | (12) | 0 | 0 | (6) | (12) | 0 | 0 | (6) | (104) | (18) | (18) | (18) |
| **Overhead Category** | **(354)** | **(201)** | **(12)** | **(19)** | **(158)** | **(43)** | **(156)** | **(18)** | **(28)** | **(186)** | **(356)** | **(16)** | **(16)** | **(185)** | **(1,746)** | **(639)** | **(354)** | **(954)** |
| Vehicles | (1) | (5) | (2) | (1) | (1) | 0 | (5) | (2) | (1) | (1) | (5) | (2) | (1) | (1) | (28) | (9) | (9) | (9) |
| **Debt Service Vehicles Category** | **(1)** | **(5)** | **(2)** | **(1)** | **(1)** | **0** | **(5)** | **(2)** | **(1)** | **(1)** | **(5)** | **(2)** | **(1)** | **(1)** | **(28)** | **(9)** | **(9)** | **(9)** |
| Material Supplier | (189) | (100) | (100) | (100) | (1,018) | (100) | (100) | (100) | (100) | (4,192) | (100) | (100) | (100) | (3,900) | (10,299) | (3,900) | (3,900) | (3,900) |
| Critical Vendors | 0 | (650) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | (650) | 0 | 0 | 0 |
| Subcontractors | (84) | (20) | (20) | (20) | (50) | (20) | (20) | (20) | (20) | (50) | (20) | (20) | (20) | (50) | (434) | (50) | (50) | (50) |
| Storage | (74) | (15) | (15) | (15) | (74) | (15) | (15) | (15) | (15) | (74) | (15) | (15) | (15) | (74) | (446) | (74) | (74) | (74) |
| Generators | 0 | 0 | 0 | 0 | (80) | 0 | 0 | 0 | 0 | (80) | 0 | 0 | 0 | (80) | (240) | (80) | (80) | (80) |
| Rental Equipment | (15) | 5 | 5 | 5 | (107) | 5 | 5 | 5 | 5 | (107) | 5 | 5 | 5 | (107) | (286) | (107) | (107) | (107) |
| Permits | (20) | (20) | (20) | (20) | (150) | (20) | (20) | (20) | (20) | (150) | (20) | (20) | (20) | (150) | (670) | (150) | (150) | (150) |
| Travel | (21) | (21) | (21) | (21) | (21) | (21) | (21) | (21) | (21) | (21) | (21) | (21) | (21) | (21) | (294) | (87) | (87) | (87) |
| **Job Costs Category** | **(403)** | **(821)** | **(171)** | **(171)** | **(1,500)** | **(171)** | **(171)** | **(171)** | **(171)** | **(4,674)** | **(171)** | **(171)** | **(171)** | **(4,382)** | **(13,319)** | **(4,448)** | **(4,448)** | **(4,448)** |
| **Restructuring Expenses** | | | | | | | | | | | | | | | | | | |

Vankirk Electric, Inc. Chapter 11 Case #25-30511
Mon Arc Group, Inc. Chapter 11 Case #25-30512
13-week budget - Cash Collateral (000)'s
Consolidated

| **Period Start** | **22-Sep-25** | **29-Sep-25** | **6-Oct-25** | **13-Oct-25** | **20-Oct-25** | **27-Oct-25** | **3-Nov-25** | **10-Nov-25** | **17-Nov-25** | **24-Nov-25** | **1-Dec-25** | **8-Dec-25** | **15-Dec-25** | **22-Dec-25** | **Total** | **29-Dec-25** | **1-Feb-26** | **1-Mar-26** |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Period End** | **26-Sep-25** | **3-Oct-25** | **10-Oct-25** | **17-Oct-25** | **24-Oct-25** | **31-Oct-25** | **7-Nov-25** | **14-Nov-25** | **21-Nov-25** | **28-Nov-25** | **5-Dec-25** | **12-Dec-25** | **19-Dec-25** | **26-Dec-25** | **13-Week** | **31-Jan-26** | **28-Feb-26** | **31-Mar-25** |
| Legal Fees | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | (90) | 0 | 0 | 0 | 0 | (90) | (50) | (65) | (50) |
| Other Professionals | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | (20) | 0 | 0 | 0 | 0 | (20) | (20) | (20) | (20) |
| UST Fees | 0 | 0 | 0 | 0 | 0 | (23) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | (23) | (169) | 0 | 0 |
| Other | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| AP - 5/3 Term Loan | 0 | (60) | 0 | 0 | 0 | 0 | (60) | 0 | 0 | 0 | (60) | 0 | 0 | 0 | (180) | (60) | (60) | (60) |
| AP - 5/3 Line of Credit | 0 | (70) | 0 | 0 | 0 | 0 | (70) | 0 | 0 | 0 | (70) | 0 | 0 | 0 | (210) | (70) | (70) | (70) |
| **Restructuring Category** | **-** | **(130)** | **-** | **-** | **-** | **(23)** | **(130)** | **-** | **-** | **(110)** | **(130)** | **-** | **-** | **-** | **(523)** | **(369)** | **(215)** | **(200)** |
| **Total Cash Payments** | **(1,508)** | **(1,557)** | **(1,160)** | **(606)** | **(2,474)** | **(637)** | **(1,437)** | **(606)** | **(1,015)** | **(5,371)** | **(1,462)** | **(779)** | **(938)** | **(5,033)** | **(24,581)** | **(8,870)** | **(7,831)** | **(8,416)** |
| | | | | | | | | | | | | | | | | | | |
| **Cash Movement Summary** | | | | | | | | | | | | | | | | | | |
| Cash Beginning line | 1,248 | 1,268 | 1,237 | 1,431 | 3,273 | 2,248 | 4,328 | 4,785 | 6,627 | 7,412 | 3,841 | 4,179 | 5,200 | 6,062 | 1,248 | 2,830 | 1,959 | 2,128 |
| Net Increase (Decrease) | 20 | (32) | 194 | 1,842 | (1,025) | 2,080 | 457 | 1,843 | 785 | (3,571) | 338 | 1,021 | 862 | (3,233) | 1,582 | (870) | 169 | (416) |
| **Total Cash End** | **1,268** | **1,237** | **1,431** | **3,273** | **2,248** | **4,328** | **4,785** | **6,627** | **7,412** | **3,841** | **4,179** | **5,200** | **6,062** | **2,830** | **2,830** | **1,959** | **2,128** | **1,712** |
| | | | | | | | | | | | | | | | | | | |
| Contract Receivable Reconciliation | | | | | | | | | | | | | | | | | | |
| Beginning Balance | 15,922 | 22,394 | 20,869 | 19,515 | 17,067 | 23,618 | 20,901 | 19,007 | 16,559 | 22,759 | 20,959 | 19,159 | 17,359 | 18,559 | 15,922 | 21,759 | 22,179 | 22,179 |
| Billings | 8,000 | - | - | - | 8,000 | - | - | - | 8,000 | - | - | - | 3,000 | 5,000 | 32,000 | 8,000 | 8,000 | 8,000 |
| Collections | 1,528 | 1,525 | 1,354 | 2,448 | 1,449 | 2,717 | 1,894 | 2,448 | 1,800 | 1,800 | 1,800 | 1,800 | 1,800 | 1,800 | 26,163 | 8,000 | 8,000 | 8,000 |
| Ending Balance | 22,394 | 20,869 | 19,515 | 17,067 | 23,618 | 20,901 | 19,007 | 16,559 | 22,759 | 20,959 | 19,159 | 17,359 | 18,559 | 21,759 | 21,759 | 21,759 | 22,179 | 22,179 |

Notes:
1) Inventory Levels are assumed to remain stable
2) To the extent any budget line item is paid via 5/3rd P-Card transaction, the budgeted amount for that line item will be paid toward the outstanding P-Card balance weekly.
3) Adequate Protection Payments are approximately equal to current P&I contractual terms on term loan and accrued interest at the Note rate on the Line of Credit. The Adequate Protection payments set forth herein are required and are not discretionary to the Debtors.
4) Additional Adequate Protection payments monthly equal to the any difference between the then current borrowing base and the outstanding principal balance of the line of credit.

Mon Arc Group, Inc. Chapter 11 Case #25-30512

13-week budget - Cash Collateral (000)'s

| MON ARC GROUP INC CASH BUDGET | 22-Sep-25 | 29-Sep-25 | 6-Oct-25 | 13-Oct-25 | 20-Oct-25 | 27-Oct-25 | 3-Nov-25 | 10-Nov-25 | 17-Nov-25 | 24-Nov-25 | 1-Dec-25 | 8-Dec-25 | 15-Dec-25 | 22-Dec-25 | Total | 29-Dec-25 | 1-Feb-26 | 1-Mar-26 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Updated: 9/19 | 26-Sep-25 | 3-Oct-25 | 10-Oct-25 | 17-Oct-25 | 24-Oct-25 | 31-Oct-25 | 7-Nov-25 | 14-Nov-25 | 21-Nov-25 | 28-Nov-25 | 5-Dec-25 | 12-Dec-25 | 19-Dec-25 | 26-Dec-25 | 13-Week | 31-Jan-26 | 28-Feb-26 | 31-Mar-25 |
| Week | 0 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | | 14 | | |
| **Cash Receipts** | | | | | | | | | | | | | | | | | | |
| Accounts Receivable | 346 | 525 | 325 | 1,299 | 355 | 1,373 | 800 | 1,285 | 800 | 800 | 800 | 800 | 800 | 800 | 11,108 | 3,000 | 3,000 | 3,000 |
| Misc | | | | | | | | | | | | | | | | | | |
| **Total Cash Receipts** | **346** | **525** | **325** | **1,299** | **355** | **1,373** | **800** | **1,285** | **800** | **800** | **800** | **800** | **800** | **800** | **11,108** | **3,000** | **3,000** | **3,000** |
| **Cash Payments** | | | | | | | | | | | | | | | | | | |
| Jobsite Workforce | (300) | | (300) | | (300) | | (300) | | (300) | | (300) | | (300) | | (2,100) | (750) | (600) | (600) |
| Employee Payroll, Taxes, Insurances | | (100) | | (100) | | (100) | | (100) | | (100) | | (100) | | (100) | (700) | (400) | (400) | (400) |
| Mon Arc Firm Payroll | | | | | | | | | | | | | | | | | | |
| Cigna (Medical) - Auto pay 20th | | | | | | | | | | | | | | | | | | |
| Cigna (Dental) - Auto Pay 12th | | | | | | | | | | | | | | | | | | |
| Lincoln Financial | | | | | | | | | | | | | | | | | | |
| Expense Reimbursements | | | (20) | | | | (20) | | | | (20) | | | | (60) | (20) | (20) | (20) |
| **Payroll Category** | **(300)** | **(100)** | **(320)** | **(100)** | **(300)** | **(100)** | **(320)** | **(100)** | **(300)** | **(100)** | **(320)** | **(100)** | **(300)** | **(100)** | **(2,860)** | **(1,170)** | **(1,020)** | **(1,020)** |
| Corporate Income Tax | | | | 0 | 0 | | | | | | | | | | 0 | | | |
| Casualty Policies | (89) | (6) | | | | | (6) | | | | (97) | | | | (197) | 0 | 0 | (300) |
| Office Leases | | | | | | | | | | | | | | | | | | |
| Utilities/Maintenance | | | | | | | | | | | | | | | | | | |
| Attorneys, CPA's (Non-Restr) | (40) | | | | (40) | | | | | (40) | | | | (40) | (160) | (40) | (40) | (40) |
| Subscriptions | (4) | (18) | | (3) | (4) | (3) | | (1) | (4) | (4) | | | | (7) | (46) | (99) | (4) | (4) |
| Storage | (3) | | | | (3) | | | | | (3) | | | | (3) | (12) | (3) | (3) | (3) |
| Travel | | | | | (6) | (6) | (6) | (6) | (6) | (6) | (6) | (6) | (6) | (6) | (60) | (22) | (22) | (22) |
| Licensing | | | | | (5) | | | | | (5) | | | | (5) | (15) | (5) | (5) | (5) |
| Advertising | | | | | | | | | | | | | | | | | | |
| Recruiting | | | | | (2) | | | | | (2) | | | | (2) | (6) | (2) | (2) | (2) |
| Fedex and Postage | | | | | (2) | | | | | (2) | | | | (2) | (6) | (2) | (2) | (2) |
| Bank Fees, Dues | | | (2) | | | | (2) | | | | (2) | | | | (6) | (2) | (2) | (2) |
| Phones | | | | | (10) | | | | | (10) | | | | (10) | (30) | (10) | (10) | (10) |
| Office/IT Supplies | | | | | (6) | | | | | (6) | | | | (6) | (18) | (6) | (6) | (6) |
| **Overhead Category** | **(136)** | **(24)** | **(2)** | **(3)** | **(78)** | **(9)** | **(14)** | **(7)** | **(10)** | **(78)** | **(105)** | **(6)** | **(6)** | **(81)** | **(556)** | **(191)** | **(96)** | **(396)** |
| Vehicles | | (1) | (2) | | | | (1) | (2) | | | (1) | (2) | | | (9) | (3) | (3) | (3) |
| **Debt Service Vehicles Category** | **0** | **(1)** | **(2)** | **0** | **0** | **0** | **(1)** | **(2)** | **0** | **0** | **(1)** | **(2)** | **0** | **0** | **(9)** | **(3)** | **(3)** | **(3)** |
| Material Supplier | | (50) | (50) | (50) | (800) | (50) | (50) | (50) | (50) | (1,800) | (50) | (50) | (50) | (1,800) | (4,900) | (1,800) | (1,800) | (1,800) |
| Critical Vendors | | (200) | | | | | | | | | | | | | | | | |
| Subcontractors | (27) | (10) | (10) | (10) | (15) | (10) | (10) | (10) | (10) | (15) | (10) | (10) | (10) | (15) | (172) | (15) | (15) | (15) |
| Storage | (30) | (10) | (10) | (10) | (30) | (10) | (10) | (10) | (10) | (30) | (10) | (10) | (10) | (30) | (220) | (30) | (30) | (30) |
| Generators | | | | | (30) | | | | | (30) | | | | (30) | (90) | (30) | (30) | (30) |
| Rental Equipment | (5) | (5) | (5) | (5) | (35) | (5) | (5) | (5) | (5) | (35) | (5) | (5) | (5) | (35) | (160) | (35) | (35) | (35) |
| Permits | (5) | (5) | (5) | (5) | (50) | (5) | (5) | (5) | (5) | (50) | (5) | (5) | (5) | (50) | (205) | (50) | (50) | (50) |
| Travel | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (70) | (22) | (22) | (22) |
| **Job Costs Category** | **(72)** | **(285)** | **(85)** | **(85)** | **(965)** | **(85)** | **(85)** | **(85)** | **(85)** | **(1,965)** | **(85)** | **(85)** | **(85)** | **(1,965)** | **(5,817)** | **(1,982)** | **(1,982)** | **(1,982)** |
| **Restructuring Expenses** | | | | | | | | | | | | | | | | | | |

Mon Arc Group, Inc. Chapter 11 Case #25-30512

13-week budget - Cash Collateral (000)'s

| MON ARC GROUP INC CASH BUDGET | 22-Sep-25 | 29-Sep-25 | 6-Oct-25 | 13-Oct-25 | 20-Oct-25 | 27-Oct-25 | 3-Nov-25 | 10-Nov-25 | 17-Nov-25 | 24-Nov-25 | 1-Dec-25 | 8-Dec-25 | 15-Dec-25 | 22-Dec-25 | Total | 29-Dec-25 | 1-Feb-26 | 1-Mar-26 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Updated: 9/19** | **26-Sep-25** | **3-Oct-25** | **10-Oct-25** | **17-Oct-25** | **24-Oct-25** | **31-Oct-25** | **7-Nov-25** | **14-Nov-25** | **21-Nov-25** | **28-Nov-25** | **5-Dec-25** | **12-Dec-25** | **19-Dec-25** | **26-Dec-25** | **13-Week** | **31-Jan-26** | **28-Feb-26** | **31-Mar-25** |
| Week | 0 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | | 14 | | |
| Legal Fees | | | | | | | | | | (15) | | | | | (15) | 0 | (15) | 0 |
| Other Professionals | | | | | | | | | | 0 | | | | | 0 | 0 | 0 | 0 |
| UST Fees | | | | | | (7) | | | | | | | | | (7) | (68) | 0 | 0 |
| Other | | | | | | | | | | | | | | | 0 | 0 | 0 | 0 |
| AP - 5/3 Term Loan | | | | | | | | | | | | | | | | 0 | 0 | 0 |
| AP - 5/3 Line of Credit | | | | | | | | | | | | | | | | 0 | 0 | 0 |
| **Restructuring Category** | - | - | - | - | - | **(7)** | - | - | - | **(15)** | - | - | - | - | **(22)** | **(68)** | **(15)** | - |
| **Total Cash Payments** | **(508)** | **(410)** | **(409)** | **(188)** | **(1,343)** | **(201)** | **(420)** | **(194)** | **(395)** | **(2,158)** | **(511)** | **(193)** | **(391)** | **(2,146)** | **(9,264)** | **(3,414)** | **(3,116)** | **(3,401)** |
| | | | | | | | | | | | | | | | | | | |
| **Cash Movement Summary** | | | | | | | | | | | | | | | | | | |
| Cash Beginning line | 483 | 322 | 437 | 353 | 1,464 | 476 | 1,648 | 2,028 | 3,120 | 3,525 | 2,167 | 2,456 | 3,063 | 3,472 | 483 | 2,127 | 1,712 | 1,596 |
| Net Increase (Decrease) | (162) | 116 | (84) | 1,111 | (988) | 1,172 | 380 | 1,092 | 405 | (1,358) | 290 | 607 | 409 | (1,346) | 1,644 | (414) | (116) | (401) |
| **Total Cash End** | **322** | **437** | **353** | **1,464** | **476** | **1,648** | **2,028** | **3,120** | **3,525** | **2,167** | **2,456** | **3,063** | **3,472** | **2,127** | **2,127** | **1,712** | **1,596** | **1,195** |
| | | | | | | | | | | | | | | | | | | |
| Contract Receivable Reconciliation | | | | | | | | | | | | | | | | | | |
| Beginning Balance | 5,105 | 7,759 | 7,234 | 6,909 | 5,610 | 8,255 | 6,882 | 6,082 | 4,797 | 6,997 | 6,197 | 5,397 | 4,597 | 6,797 | 5,105 | 5,997 | 5,997 | 5,997 |
| Billings | 3,000 | - | - | - | 3,000 | - | - | - | 3,000 | - | - | - | 3,000 | - | 12,000 | 3,000 | 3,000 | 3,000 |
| Collections | 346 | 525 | 325 | 1,299 | 355 | 1,373 | 800 | 1,285 | 800 | 800 | 800 | 800 | 800 | 800 | 11,108 | 3,000 | 3,000 | 3,000 |
| Ending Balance | 7,759 | 7,234 | 6,909 | 5,610 | 8,255 | 6,882 | 6,082 | 4,797 | 6,997 | 6,197 | 5,397 | 4,597 | 6,797 | 5,997 | 5,997 | 5,997 | 5,997 | 5,997 |

3) Adequate Protection Payments are approximately equal to current P&I contractual terms on term loan and accrued interest at the Note rate on the Line of Credit.
The Adequate Protection payments set forth herein are required and are not discretionary to the Debtors.

Vankirk Electric, Inc. Chapter 11 Case #25-30511

13-week budget - Cash Collateral (000)'s

| VANKIRK ELECTRIC INC CASH BUDGET | 22-Sep-25 | 29-Sep-25 | 6-Oct-25 | 13-Oct-25 | 20-Oct-25 | 27-Oct-25 | 3-Nov-25 | 10-Nov-25 | 17-Nov-25 | 24-Nov-25 | 1-Dec-25 | 8-Dec-25 | 15-Dec-25 | 22-Dec-25 | Total | 29-Dec-25 | 1-Feb-26 | 1-Mar-26 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Updated: 9/19** | 26-Sep-25 | 3-Oct-25 | 10-Oct-25 | 17-Oct-25 | 24-Oct-25 | 31-Oct-25 | 7-Nov-25 | 14-Nov-25 | 21-Nov-25 | 28-Nov-25 | 5-Dec-25 | 12-Dec-25 | 19-Dec-25 | 26-Dec-25 | 13-Week | 31-Jan-26 | 28-Feb-26 | 31-Mar-25 |
| Week | 0 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | | | | |
| **Cash Receipts** | | | | | | | | | | | | | | | | | | |
| Accounts Receivable | 1,182 | 1,000 | 1,029 | 1,149 | 1,094 | 1,344 | 1,094 | 1,163 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 15,055 | 5,000 | 5,000 | 5,000 |
| Misc | | | | | | | | | | | | | | | | | | |
| **Total Cash Receipts** | **1,182** | **1,000** | **1,029** | **1,149** | **1,094** | **1,344** | **1,094** | **1,163** | **1,000** | **1,000** | **1,000** | **1,000** | **1,000** | **1,000** | **15,055** | **5,000** | **5,000** | **5,000** |
| **Cash Payments** | | | | | | | | | | | | | | | | | | |
| Jobsite Workforce | (450) | | (450) | | (450) | | (450) | | (450) | | (450) | | (450) | | (3,150) | (1,350) | (900) | (900) |
| Employee Payroll, Taxes, Insurances | | (300) | | (300) | | (300) | | (300) | | (300) | | (300) | | (300) | (2,100) | (600) | (600) | (600) |
| Mon Arc Firm Payroll | | | (175) | | | | (175) | | | | | (175) | | | (525) | (175) | (175) | (175) |
| Cigna (Medical) - Auto pay 20th | | | | | (65) | | | | (65) | | | | | (65) | (195) | (65) | (65) | (65) |
| Cigna (Dental) - Auto Pay 12th | | | | (6) | | | | (6) | | | | (6) | | | (18) | (6) | (6) | (6) |
| Lincoln Financial | | | | (9) | | | | (9) | | | | (9) | | | (27) | (9) | (9) | (9) |
| Expense Reimbursements | | | (30) | | | | (30) | | | | (30) | | | | (90) | (30) | (30) | (30) |
| **Payroll Category** | **(450)** | **(300)** | **(655)** | **(315)** | **(515)** | **(300)** | **(655)** | **(315)** | **(515)** | **(300)** | **(480)** | **(490)** | **(450)** | **(365)** | **(6,105)** | **(2,235)** | **(1,785)** | **(1,785)** |
| Corporate Income Tax | | | | 0 | 0 | | | | | | | | | | | | | |
| Casualty Policies | (89) | (6) | | | | | (6) | | | | (97) | | | | (197) | 0 | 0 | (300) |
| Office Leases | | (60) | | | | | (60) | | | | (60) | | | | (180) | (60) | (60) | (60) |
| Utilities/Maintenance | | | | | | (19) | | | | (19) | (19) | | | (19) | (76) | (19) | (19) | (19) |
| Attornies, CPA's (Non-Restr) | (40) | | | | (40) | | | | | (49) | | | | (40) | (169) | (40) | (40) | (40) |
| Subscriptions | (8) | (35) | | (6) | (8) | (5) | | (1) | (8) | (8) | | | | (13) | (92) | (198) | (8) | (8) |
| Storage | (22) | | | | (22) | | | | | (22) | | | | (22) | (88) | (22) | (22) | (22) |
| Travel | (10) | (10) | (10) | (10) | (10) | (10) | (10) | (10) | (10) | (10) | (10) | (10) | (10) | (10) | (140) | (43) | (43) | (43) |
| Licensing | | (14) | | | | | (14) | | | | (14) | | | | (42) | (14) | (14) | (14) |
| Advertising | | (2) | | | | | (2) | | | | (2) | | | | (6) | (2) | (2) | (2) |
| Recruiting | | (4) | | | | | (4) | | | | (4) | | | | (12) | (4) | (4) | (4) |
| Fedex and Postage | | (4) | | | | | (4) | | | | (4) | | | | (12) | (4) | (4) | (4) |
| Bank Fees, Dues | | (5) | | | | | (5) | | | | (5) | | | | (15) | (5) | (5) | (5) |
| Phones | | (25) | | | | | (25) | | | | (25) | | | | (75) | (25) | (25) | (25) |
| Office/IT Supplies | (50) | (12) | | | | | (12) | | | | (12) | | | | (86) | (12) | (12) | (12) |
| **Overhead Category** | **(219)** | **(177)** | **(10)** | **(16)** | **(80)** | **(34)** | **(142)** | **(11)** | **(18)** | **(108)** | **(252)** | **(10)** | **(10)** | **(104)** | **(1,190)** | **(448)** | **(258)** | **(558)** |
| Vehicles | (1) | (4) | | (1) | (1) | | (4) | | (1) | (1) | (4) | | (1) | (1) | (19) | (6) | (6) | (6) |
| **Debt Service Vehicles Category** | **(1)** | **(4)** | **0** | **(1)** | **(1)** | **0** | **(4)** | **0** | **(1)** | **(1)** | **(4)** | **0** | **(1)** | **(1)** | **(19)** | **(6)** | **(6)** | **(6)** |
| Material Supplier | (189) | (50) | (50) | (50) | (218) | (50) | (50) | (50) | (50) | (2,392) | (50) | (50) | (50) | (2,100) | (5,399) | (2,100) | (2,100) | (2,100) |
| Critical Vendors | | (450) | | | | | | | | | | | | | (450) | | | |
| Subcontractors | (57) | (10) | (10) | (10) | (35) | (10) | (10) | (10) | (10) | (35) | (10) | (10) | (10) | (35) | (262) | (35) | (35) | (35) |
| Storage | (44) | (5) | (5) | (5) | (44) | (5) | (5) | (5) | (5) | (44) | (5) | (5) | (5) | (44) | (226) | (44) | (44) | (44) |
| Generators | | | | | (50) | | | | | (50) | | | | (50) | (150) | (50) | (50) | (50) |
| Rental Equipment | (10) | 10 | 10 | 10 | (72) | 10 | 10 | 10 | 10 | (72) | 10 | 10 | 10 | (72) | (126) | (72) | (72) | (72) |
| Permits | (15) | (15) | (15) | (15) | (100) | (15) | (15) | (15) | (15) | (100) | (15) | (15) | (15) | (100) | (465) | (100) | (100) | (100) |
| Travel | (16) | (16) | (16) | (16) | (16) | (16) | (16) | (16) | (16) | (16) | (16) | (16) | (16) | (16) | (224) | (65) | (65) | (65) |
| **Job Costs Category** | **(331)** | **(536)** | **(86)** | **(86)** | **(535)** | **(86)** | **(86)** | **(86)** | **(86)** | **(2,709)** | **(86)** | **(86)** | **(86)** | **(2,417)** | **(7,302)** | **(2,466)** | **(2,466)** | **(2,466)** |

Vankirk Electric, Inc. Chapter 11 Case #25-30511

13-week budget - Cash Collateral (000)'s

| **VANKIRK ELECTRIC INC CASH BUDGET** | **22-Sep-25** | **29-Sep-25** | **6-Oct-25** | **13-Oct-25** | **20-Oct-25** | **27-Oct-25** | **3-Nov-25** | **10-Nov-25** | **17-Nov-25** | **24-Nov-25** | **1-Dec-25** | **8-Dec-25** | **15-Dec-25** | **22-Dec-25** | **Total** | **29-Dec-25** | **1-Feb-26** | **1-Mar-26** |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Updated: 9/19** | **26-Sep-25** | **3-Oct-25** | **10-Oct-25** | **17-Oct-25** | **24-Oct-25** | **31-Oct-25** | **7-Nov-25** | **14-Nov-25** | **21-Nov-25** | **28-Nov-25** | **5-Dec-25** | **12-Dec-25** | **19-Dec-25** | **26-Dec-25** | **13-Week** | **31-Jan-26** | **28-Feb-26** | **31-Mar-25** |
| Week | 0 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | | | | |
| **Restructuring Expenses** | | | | | | | | | | | | | | | | | | |
| Legal Fees | | | | | | | | | | (75) | | | | | (75) | (50) | (50) | (50) |
| Other Professionals | | | | | | | | | | (20) | | | | | (20) | (20) | (20) | (20) |
| UST Fees | | | | | | (16) | | | | | | | | | (16) | (101) | 0 | 0 |
| Other | | | | | | | | | | | | | | | | 0 | 0 | 0 |
| AP - 5/3 Term Loan | | (60) | | | | | (60) | | | | (60) | | | | (180) | (60) | (60) | (60) |
| AP - 5/3 Line of Credit | | (70) | | | | | (70) | | | | (70) | | | | (210) | (70) | (70) | (70) |
| **Restructuring Category** | **-** | **(130)** | **-** | **-** | **-** | **(16)** | **(130)** | **-** | **-** | **(95)** | **(130)** | **-** | **-** | **-** | **(501)** | **(301)** | **(200)** | **(200)** |
| **Total Cash Payments** | **(1,001)** | **(1,147)** | **(751)** | **(418)** | **(1,131)** | **(436)** | **(1,017)** | **(412)** | **(620)** | **(3,213)** | **(952)** | **(586)** | **(547)** | **(2,887)** | **(15,117)** | **(5,456)** | **(4,715)** | **(5,015)** |
| **Cash Movement Summary** | | | | | | | | | | | | | | | | | | |
| Cash Beginning line | 765 | 947 | 800 | 1,078 | 1,809 | 1,772 | 2,679 | 2,756 | 3,507 | 3,887 | 1,674 | 1,723 | 2,137 | 2,590 | 765 | 703 | 247 | 532 |
| Net Increase (Decrease) | 182 | (147) | 278 | 731 | (37) | 908 | 77 | 751 | 380 | (2,213) | 49 | 414 | 453 | (1,887) | (62) | (456) | 285 | (15) |
| **Total Cash End** | **947** | **800** | **1,078** | **1,809** | **1,772** | **2,679** | **2,756** | **3,507** | **3,887** | **1,674** | **1,723** | **2,137** | **2,590** | **703** | **703** | **247** | **532** | **517** |
| Contract Receivable Reconciliation | | | | | | | | | | | | | | | | | | |
| Beginning Balance | 10817 | 14,635 | 13,635 | 12,606 | 11,457 | 15,363 | 14,019 | 12,925 | 11,762 | 15,762 | 14,762 | 13,762 | 12,762 | 11,762 | 10,817 | 15,762 | 16,182 | 16,182 |
| Billings | 5000 | - | | | 5,000 | | | | 5,000 | | | | | 5,000 | 20,000 | 5,000 | 5,000 | 5,000 |
| Collections | 1,182 | 1,000 | 1,029 | 1,149 | 1,094 | 1,344 | 1,094 | 1,163 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 15,055 | 5,000 | 5,000 | 5,000 |
| Ending Balance | 14,635 | 13,635 | 12,606 | 11,457 | 15,363 | 14,019 | 12,925 | 11,762 | 15,762 | 14,762 | 13,762 | 12,762 | 11,762 | 15,762 | 15,762 | 16,182 | 16,182 | 16,182 |

(1) Adequate Protection Payments are approximately equal to current P&I contractual terms on term loan and accrued interest at the Note rate on the Line of Credit.
The Adequate Protection payments set forth herein are required and are not discretionary to the Debtors.