**SO ORDERED.**

**SIGNED this 26 day of September, 2025.**

**Austin E. Carter**
**Chief United States Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

**IN RE:** : **Chapter 11**

**VANKIRK ELECTRIC, INC.,** : **Case No. 25-30511-AEC**
**(Joint-Administration Requested)**

**Debtor.** :

**IN RE:** : **Chapter 11**

**MON ARC GROUP, INC.,** : **Case No. 25-30512-AEC**

**Debtor.** :

**INTERIM ORDER (I) GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING DEBTORS TO PAY CERTAIN PRE-PETITION CLAIMS OF CRITICAL VENDORS AND (B) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR ALL RELATED CHECKS AND ELECTRONIC PAYMENT REQUESTS AND (II) SCHEDULING A FINAL HEARING FOR OCTOBER 27, 2025**

Debtors having moved for an Order, pursuant to 11 U.S.C. §§ 105(a) and 1107(a), for authority to establish Critical Vendor Payment Procedures (Dkt. 8 in Case No. 25-30511-AEC and Dkt. 10 in Case No. 25-30512-AEC) (the "**Motion**"). The Motion having come on for an expedited hearing on September 25, 2025 (the "**Hearing**"); the Court having heard from Debtors and other interested parties at the Hearing; and the Court finding that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding, (c) notice of the Motion was

sufficient and no further notice is necessary, (d) the relief requested in the Motion is in the best interest of Debtors, their estates, and their creditors, (e) good and sufficient cause exist for such relief; and (f) upon the record herein and after due deliberation, good and sufficient cause appearing, it is therefore

**ORDERED, ADJUDGED AND DECREED THAT**:

1. The Motion is **GRANTED** on an interim basis as provided in this Order.

2. Debtors are authorized, but not directed, to pay Critical Vendor Claims, subject to the Interim Critical Vendor Cap (as defined below).

3. Notwithstanding anything to the contrary in this Order, the relief herein is granted solely to the extent that it is consistent with any order authorizing the continued use of "cash collateral."

4. From September 25, 2025 to October 28, 2025 (the "**Interim Period**"), Debtors are authorized, but not directed, to make payments in an aggregate amount not to exceed $650,000.00 (the "**Critical Vendor Cap**"), to the Critical Vendors to be applied to Critical Vendor Claims and the amounts that may be paid to each Critical Vendor are as described on Exhibit A attached to this Order; provide, however, that during the Interim Period, Fifth Third Bank, N.A. is authorized, in its sole discretion, without further order of the Court, to approve Debtors' payments to Critical Vendors from Fifth Third's cash collateral for amounts in excess of the Critical Vendor Cap if Fifth Third determines that such payments are necessary to protect Fifth Third Bank's interest in its collateral and otherwise necessary to preserve Debtors as going concerns and preserve Debtors' bankruptcy estates during the Interim Period.

5. As a prerequisite to payment of any Critical Vendor Claim, Debtors will use reasonable efforts to require Critical Vendors to agree to continue transacting business with

Debtors post-petition on Customary Trade Terms (as defined in the Motion) for such duration of time as agreed to by Debtors and the particular Critical Vendor, unless otherwise agreed to by Debtors and the particular Critical Vendor.

6. In return for receiving payment on account of any Critical Vendor Claim, the Critical Vendors, through the endorsement of any check for payment or other written acknowledgement, shall be deemed to have agreed to continue supplying products, supplies, or services to Debtors upon Customer Trade Terms for such duration of time as agreed to by Debtors and the particular Critical Vendor, or such other terms and conditions as are agreed to by Debtors and the particular Critical Vendor.

7. If, after receipt of payment for any Critical Vendor Claim, a Critical Vendor refuses to continue to provide products, supplies, or services upon the Customary Trade Terms as agreed to with Debtors, then Debtors may (i) declare that any payment made to such Critical Vendor on account of its pre-petition claim shall be deed to have been in payment of then-outstanding post-petition claims of such Critical Vendor without further order of the Court or action by any person or entity; (ii) require that the Critical Vendor immediately repay to Debtors any payment made to it on account of its pre-petition claim, without the right of any setoff, claim, provision for payment of reclamation or trust fund claim, or otherwise; and (iii) seek redress with the Court for failure to comply with Customary Trade Terms.

8. Nothing in this Order nor any action taken by Debtors in furtherance of the implementation hereof shall be deemed an approval of the assumption or rejection of any executory contract or unexpired lease pursuant to Section 365 of the Bankruptcy Code.

9. Nothing in this Order shall impair the ability of Debtors or appropriate party in interest to contest any claim, or assert any right, claim, or defense related thereto.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

11. A Final Hearing on the Motion **shall be held on October 27, 2025 commencing at 10:00 a.m. (Eastern)** at U.S. Bankruptcy Court for the Middle District of Georgia, Courtroom B, 433 Cherry Street, Macon, Georgia 31201 or as soon thereafter as the parties can be heard; provided, however, that interested parties and/or their counsel may dial-in and listen to the hearing and, only to the extent permitted by applicable rules and this Court, otherwise participate in the hearing using the following dial-in information:

**TELEPHONE NUMBER: 1-855-244-8681**
**ACCESS CODE: 2307 522 7612**

Such Final Hearing shall continue day to day and from time to time until completed without any further notice to creditors or parties in interest unless additional notice is directed by the Court.

12. The Debtor shall, within three (3) business days hereof, serve a copy of this Order on all parties that received notice of the Motion, as well as all parties that have appeared in these cases and requested notice, and each Critical Vendor. Debtors shall file a certificate of service evidence such service.

**END OF DOCUMENT**

**Order prepared and submitted by:**

*/s/ David L. Bury, Jr.*
David L. Bury, Jr.
Georgia Bar No. 133066
Stone & Baxter, LLP
577 Third Street
Macon, Georgia 31201
(478) 750-9898; (478) 750-9899 (fax)
dbury@stoneandbaxter.com
Proposed Counsel for Debtors