**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| **IN RE:** | : |
| | : |
| **VANKIRK ELECTRIC, INC. and** | **: Chapter 11 Case No. 25-30511-AEC** |
| **MON ARC GROUP, INC.,** | **: Chapter 11 Case No. 25-30512-AEC** |
| | : |
| **Debtors.** | **: Jointly Administered** |

**DEBTOR'S AGREED MOTION FOR RELIEF FROM STAY**

COMES NOW Vankirk Electric, Inc. **("Vankirk"** or **"Debtor")**, by and through its undersigned counsel, and, pursuant to 11 U.S.C. § 362(d) and Rule 4001(d) of the Federal Rules of Bankruptcy Procedure, files this *Agreed Motion for Relief From Stay* (the **"Motion")**. Debtor shows the Court as follows:

**JURISDICTION**

1. The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**INTRODUCTION AND BACKGROUND**

3. On September 19, 2025, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

4. Prior to the Petition Date, Debtor and Hedrick Brothers Construction Co, Inc. **("Hedrick")**, entered into a contract agreement dated December 23, 2024 **(**the **"Subcontract")**

for the Debtor to perform electrical work on a construction project where Hedrick serves as the general contractor.

5. On February 17, 2026, Debtor filed a complaint **(**the **"Complaint")** against Hedrick, commencing litigation in the Fifteenth Judicial Circuit in Palm Beach County, Florida, Case No. 50-2026-CA-001871-XXXA-MB (the **"State Court Case"**). Therein, Debtor asserts claims against Hedrick arising from Hedrick's alleged breach of the Subcontract.

6. Hedrick's deadline to respond to the Complaint is April 16, 2026.

7. Hedrick asserts that it possesses various counterclaims that it can and/or must assert in response to the Complaint.

**REQUESTED RELIEF**

8. Section 362(d)(1) of the Bankruptcy Code authorizes the Court to grant relief from the automatic stay for "cause." When stay relief is sought to "continue an action that a debtor initiated in another forum, equitable considerations weigh in favor of granting [stay relief]." *In re Jenkins*, No. 03-60548, 2004 WL 768574, at *4 (Bankr. S.D. Ga. Mar. 30, 2004); *see also In re Millsap*, 141 B.R. 732, 733 (Bankr. D. Idaho 1992) (stating that "relief from the section 362 automatic stay to assert a counterclaim in debtor initiated non-bankruptcy proceedings in most instances [is] a matter of right . . . .").

9. Debtor and Hedrick have agreed that stay relief may be necessary and appropriate to permit Hedrick to assert any claims and defenses in response to the Complaint.

10. Accordingly, Debtor requests entry of an order modifying or terminating the automatic stay to permit Hedrick to assert any and claims and defenses in the State Court Case.

11. The requested relief will conserve estate resources by obviating the need for costly stay relief litigation and promote the efficient resolution of the State Court Case.

12. Debtor's consent to relief from the automatic stay is without waiver of its right to challenge any claims raised by Hedrick in the State Court Case on procedural or substantive grounds based on applicable bankruptcy and non-bankruptcy law. Notwithstanding the foregoing, Debtor, on behalf of itself and the bankruptcy estate, stipulates that it will not assert any claims for sanctions, contempt, or the like against Hedrick for any actual, potential, or alleged violation of the automatic stay relating to Hedrick's filing of claims and defenses in the State Court Case, regardless of whether such actual, potential, or alleged violation occurs before or after the entry of an order granting this Motion.

WHEREFORE, Debtor respectfully requests that the Court enter an Order in substantially the same form attached as **Exhibit A** granting this Motion and providing such other and further relief as is just and proper.

Respectfully submitted this 10th day of April, 2026.

**STONE & BAXTER, LLP**
By:

*/s/ David L. Bury, Jr.*

David L. Bury, Jr.
Georgia Bar No. 133066
dbury@stoneandbaxter.com
G. Daniel Taylor
Georgia Bar No. 528521
dtaylor@stoneandbaxter.com
Thomas B. Norton
Georgia Bar No. 997178
tnorton@stoneandbaxter.com
*Counsel for Debtor*

577 Third Street
Macon, Georgia 31201
(478) 750-9898; (478) 750-9899 (fax)

**CERTIFICATE OF SERVICE**

This is to certify that I served the foregoing pleading using the CM/ECF filing system, which sent a link to all parties who are participating in this case via CM/ECF.

This 10th day of April, 2026.

*/s/ David L. Bury*
David L. Bury, Jr.
Georgia Bar No. 133066

**EXHIBIT A**
**(Proposed Agreed Order)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| **IN RE:** | : |
| | : |
| **VANKIRK ELECTRIC, INC. and** | **: Chapter 11 Case No. 25-30511-AEC** |
| **MON ARC GROUP, INC.,** | **: Chapter 11 Case No. 25-30512-AEC** |
| | : |
| **Debtors.** | **: Jointly Administered** |

**ORDER GRANTING DEBTOR'S AGREED MOTION FOR STAY RELIEF**

Upon consideration of Debtor Vankirk Electric, Inc.'s ("**Debtor's**") agreed motion seeking relief from the automatic stay to permit Hedrick Brothers Construction Co, Inc. ("**Hedrick**") to assert any and all counterclaims and defenses in the State Court Case[1] (Dkt. __); it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; that this matter is a core proceeding under 28 U.S.C. § 157(b); that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and that adequate notice of the Motion and the relief provided for herein has been given

[1] Undefined terms in this Order shall have the meanings ascribed to them in the Motion.

under the circumstances, and that no other or further notice is required except as ordered below; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED.

2. The automatic stay provisions of 11 U.S.C. § 362(a) are modified pursuant to Section 362(d)(1) and Bankruptcy Rule 4001(d), to permit Hedrick to assert any and all counterclaims and defenses in response to Debtor's Complaint in the State Court Case.

3. Debtor's consent to relief from the automatic stay is without waiver of its right to challenge any claims raised by Hedrick in the State Court Case on procedural or substantive grounds based on applicable bankruptcy and non-bankruptcy law.

4. Debtor, on behalf of itself and the bankruptcy estate, shall not assert any claims for sanctions, contempt, or the like against Hedrick for any actual, potential, or alleged violation of the automatic stay relating to Hedrick's filing of claims and defenses in the State Court Case, regardless of whether such actual, potential, or alleged violation occurs before or after the entry of this Order.

5. The Court retains exclusive jurisdiction to implement, interpret, and enforce this Order.

6. Debtor shall, within three days after the entry of this Order, serve the Motion and this Order as required under F.R.B.P. 4001(a)(1)(A). Recipients of the Motion and this Order shall have twenty-one (21) days after the service date of the Order plus another three days for mailing (i.e., 24 days after the service date) within which to file a written objection to the entry of this Order, stating the grounds therefor. A copy of any such objection shall be served upon Debtor's counsel, addressed: David L. Bury, Jr., Stone & Baxter, LLP, 577 Third Street, Macon, Georgia

31201. If an objection is filed and served as provided herein, then a hearing on said objection shall be scheduled upon further order. If no objection is filed and served as provided herein, then this Order shall become self-executing, without further hearing or notice.

**END OF DOCUMENT**

**ORDER PREPARED BY:**

*/s/ David L. Bury, Jr.*
David L. Bury, Jr.
Georgia Bar No. 133066
STONE & BAXTER, LLP
577 Third Street
Macon, Georgia 31201
Telephone: 478-750-9898
Email: dbury@stoneandbaxter.com
*Counsel for Debtor*