**SO ORDERED.**

**SIGNED this 13 day of April, 2026.**

**Austin E. Carter**
**Chief United States Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| **IN RE:** | : |
| | : |
| **VANKIRK ELECTRIC, INC. and** | **: Chapter 11 Case No. 25-30511-AEC** |
| **MON ARC GROUP, INC.,** | **: Chapter 11 Case No. 25-30512-AEC** |
| | : |
| **Debtors.** | **: Jointly Administered** |

**ORDER GRANTING DEBTOR'S AGREED MOTION FOR STAY RELIEF**

Upon consideration of Debtor Vankirk Electric, Inc.'s ("**Debtor's**") agreed motion seeking relief from the automatic stay to permit Hedrick Brothers Construction Co, Inc. ("**Hedrick**") to assert any and all counterclaims and defenses in the State Court Case[1] (Dkt. 275); it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; that this matter is a core proceeding under 28 U.S.C. § 157(b); that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and that adequate notice of the Motion and the relief provided for herein has been given

[1] Undefined terms in this Order shall have the meanings ascribed to them in the Motion.

under the circumstances, and that no other or further notice is required except as ordered below; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED.

2. The automatic stay provisions of 11 U.S.C. § 362(a) are modified pursuant to Section 362(d)(1) and Bankruptcy Rule 4001(d), to permit Hedrick to assert any and all counterclaims and defenses in response to Debtor's Complaint in the State Court Case.

3. Debtor's consent to relief from the automatic stay is without waiver of its right to challenge any claims raised by Hedrick in the State Court Case on procedural or substantive grounds based on applicable bankruptcy and non-bankruptcy law.

4. Debtor, on behalf of itself and the bankruptcy estate, shall not assert any claims for sanctions, contempt, or the like against Hedrick for any actual, potential, or alleged violation of the automatic stay relating to Hedrick's filing of claims and defenses in the State Court Case, regardless of whether such actual, potential, or alleged violation occurs before or after the entry of this Order.

5. The Court retains exclusive jurisdiction to implement, interpret, and enforce this Order.

6. Debtor shall, within three days after the entry of this Order, serve the Motion and this Order as required under F.R.B.P. 4001(a)(1)(A). Recipients of the Motion and this Order shall have twenty-one (21) days after the service date of the Order plus another three days for mailing (i.e., 24 days after the service date) within which to file a written objection to the entry of this Order, stating the grounds therefor. A copy of any such objection shall be served upon Debtor's counsel, addressed: David L. Bury, Jr., Stone & Baxter, LLP, 577 Third Street, Macon, Georgia

31201. If an objection is filed and served as provided herein, then a hearing on said objection shall be scheduled upon further order. If no objection is filed and served as provided herein, then this Order shall become self-executing, without further hearing or notice.

**END OF DOCUMENT**

**ORDER PREPARED BY:**

*/s/ David L. Bury, Jr.*
David L. Bury, Jr.
Georgia Bar No. 133066
STONE & BAXTER, LLP
577 Third Street
Macon, Georgia 31201
Telephone: 478-750-9898
Email: dbury@stoneandbaxter.com
*Counsel for Debtor*